**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KESHANTA JACKSON AS ADMINISTRATRIX OF THE ESTATE OF BRITTANY DURELL, JANI SMITH O/B/O B.B., TERRELL FISHER O/B/O T.F. AND KESHANTA JACKSON O/B/O B.J** | * | **CIVIL ACTION NO.** |
| **VERSUS** | * | |
| **JOSEPH LOPINTO, JEFFERSON PARISH SHERIFF OFFICE, TIA THOMPSON, NICHOLAS NEAL, DANIELLE LLOYD CORRECTHEALTH JEFFERSON, LLC, LISA MARTIN, DENICE MIMMS, THEANDRA MOORE, KEYNADA THOMAS, JUANITA ALEXANDER SALLIER, AND IRONSHORE INSURANCE COMPANY** | * | |

**************************************

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come petitioners, Keshanta Jackson, as administratrix of the Estate of Brittany Durell, Jani Smith on behalf of B.B., Terrell Fisher on behalf of T.F. and Keshanta Jackson on behalf of B.J., who with respect represent:

**1.**

This is a case about an unnecessary and preventable death of a 29-year-old mother, Brittany Durell, in a Jefferson Parish jail, which occurred three days before Christmas, on December 22, 2018. Ms. Durell was in the custody of the Jefferson Parish Sheriff Office due to an outstanding warrant from 2016. Ms. Durell, like many Americans, suffered from an addiction

to opiods and benzodiazepams, which had been prescribed to her in the past. After being booked into the jail, she began to show signs of a severe withdrawal, including falling repeatedly, nausea, vomiting, passing out, and headaches. Due to her symptoms, she was admitted into the infirmary for a detox program and it was ordered that she be monitored and her vitals taken every 12 hours. Her detox protocol was not followed and despite medical records indicating that her vitals were taken in the infirmary, surveillance footage confirms that they were not taken at the noted times; accordingly, the vital signs as reflected in the medical records were fabricated. As her symptoms worsened, Ms. Durell pleaded for medical attention. Despite noting that she was exhibiting slurred speech and that she had passed out and hit her head, she did not receive any medical attention. She had two seizures in her cell and ultimately died. The defendants herein are liable for her suffering as well as her wrongful death. Defendants are also liable for punitive damages and attorneys fees under 42 U.S.C. §1983.

**PARTIES**

**2.**

Plaintiffs herein are:

i. Keshanta Jackson, as administratrix of the Estate of Brittany Durell, and as court appointed tutrix of B.J., a person of full age of majority and citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. B.J. is the child of Brittany Durell, who was not married at the time of her death.

ii. Jani Smith, as court appointed tutrix of B.B, a person of full age of majority and citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. B.B. is the child of Brittany Durell, who was not married at the time of her death.

iii. Terrell Fischer, who is the father of T.F., a person of full age of majority and citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. T.F. is the child of Brittany Durell, who was not married at the time of her death.

**3.**

Named Defendants herein are:

i. Joseph Lopinto, in his official capacity as Sheriff of Jefferson Parish, a person of full age of majority and citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. At all relevant times herein, Defendant, Lopinto, was the Sheriff of Jefferson Parish and, as such, was responsible for the hiring, training, supervision, discipline, and control of the deputies under his command, as well as medical personnel. He was responsible for all actions of the JPSO staff. He was also responsible for the supervision, administration, policies, practices, customs, and operations of the Jefferson Parish Sheriff's Office and its correctional facilities;

ii. Jefferson Parish Sheriff Office (hereinafter "JPSO"), a body politic of the State of Louisiana domiciled in the Eastern District of Louisiana. At all relevant times herein, Defendant, Jefferson Parish Sheriff Office, was responsible for the hiring, training, supervision, discipline, and control of the deputies, as well as medical personnel and owns the Jefferson Parish Sheriff jail and employs its deputies. JPSO is vicariously liable through the doctrine of *respondeat suprior* for the actions and inactions of its employees and for the ultimate safety and well-being of those incarcerated in its jail;

iii. Deputy Tia Thompson, Deputy Nicholas Neal, Deputy Danille Lloyd, and other JPSO deputies that have yet to be identified, in their individual and official capacities as JPSO

        deputies, are of full age of majority, citizens of the State of Louisiana and, on information and belief, are domiciled in the Eastern District of Louisiana. At all pertinent times, defendants JPSO deputies were employed by JPSO as correctional officers and assigned to the medical infirmary and had the duty to monitor and take action on Ms. Durell's behalf when she reports to them medical conditions, including but not limited to transporting her for emergency medical attention;

iv. Correcthealth Jefferson, LLC, a foreign limited liability corporation authorized to do and doing business in the State of Louisiana who employed Defendants, Michelle Becnel, Lisa Martin, Denice Mimms, Theandra Moore, Kenyada Thomas, and Juanita Alexander Sallier, and so are vicariously liable for their actions. At all relevant times herein, Correcthealth Jefferson, LLC was operating under a contract with JPSO to provide medical care to the JPSO jail and so acted under color of state law;

v. Lisa Martin, Denice Mimms, Theandra Moore, Kenyada Thomas, Caroline Butler, Juanita Alexander Sallier, in their individual and official capacities as medical professionals. These individuals are persons of full age of majority, citizens of the State of Louisiana and, on information and belief, are domiciled in the Eastern District of Louisiana. These individuals are employees of Correcthealth Jefferson, LLC and at all pertinent times were responsible for providing care or overseeing care to Ms. Durell and to secure her emergency medical attention if needed.

vi. Michelle Becnel, individually and in her official capacity as an LPN with Correcthealth Jefferson. Defendant, Becnel is a person of full age of majority, citizen of the State of Louisiana and, on information and belief, domiciled in the Eastern District of Louisiana.

Defendant, Becnel is an employee of Correcthealth Jefferson and was the charge nurse at JPSO jail on the night that Ms. Durell died. At all relevant times, she was responsible for providing care or overseeing care to Ms. Durell.

vii. Ironshore Specialty Insurance Company who, upon information and belief, at all relevant times provided a policy of insurance to Correcthealth Jefferson LLC that covers the damages alleged herein;

**JURISDICTION**

**4.**

This action is brought pursuant to 42 U.S.C. § 1983, based on the Eight and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1988. Jurisdiction is founded on 42 U.S.C. § 1331, and the aforementioned statutory and constitutional provisions. This Honorable Court has supplemental jurisdiction over claims under state constitutional and statutory law pursuant to 28 U.S.C. § 1367.

**FACTUAL ALLEGATIONS**

**5.**

On 12/15/18, Ms. Durrell was arrested for theft of less than $1,000 from Walmart and taken to the St. Bernard Parish jail. Ms. Durell, who was noted to be 5'1" and 150 pounds, was complaining of headaches and provided a history that she was taking Norco and Xanax and that she was anemic and had a history of anxiety. Ms. Durell was placed on an opiate and benzodiazepine detox, and she was administered Clonazepam each day until she was released from St. Bernard Parish jail on 12/20/18.

**6.**

Ms. Durell had an outstanding warrant from 2016 in Jefferson Parish for misdemeanor charges of petty theft, possession of marijuana, as well as possession of Hydrocodone, Alprazolam, and Tramadol, and so she was transferred directly from the St. Bernard Parish Sheriff's Office to the Jefferson Parish Sheriff's Office.

**7.**

Ms. Durell was booked into the Jefferson Parish jail on 12/20/18. From the moment she was booked into the Jefferson Parish jail, she was exhibiting signs of distress and stated that she had passed out due to vomiting. She immediately was seen on surveillance footage falling backwards two separate times from a standing position onto the floor. She was taken to the infirmary almost immediately for medical observation, which was ordered by Defendant, Sallier, and noted by Defendant, Moore, due to complaints of nausea, vomiting, headache and the fact that she was not eating.

**8.**

At all relevant times, the JPSO Infirmary is operated and run by Defendant, Correcthealth Jefferson, LLC who has a contract with Jefferson Parish to provide for medical care in the JPSO jail and so Correcthealth Jefferson LLC and its employees operated under color of law at all times relevant herein.

**9.**

Defendant, Sallier, ordered Ms. Durell to be placed on an opiate detox, noting that she had not completed the opiate detox prior to being transferred. Defendant, Sallier, ordered that her vital signs were to be taken at each shift.

**10.**

Defendants did not place her on a Benzodiazapine detox and at no point did she receive Benzodiazepines at the JPSO jail despite the fact that she started a Benzodiazepine detox at St. Bernard Parish jail which had been ordered by Defendant, Sallier, and did not complete it.

**11.**

Even though it was ordered that her vital signs should be taken at each shift, her vital signs were taken only one time in three days, and they were abnormal. Ms. Durell's vital signs were noted to be taken on 12/21/18, at which time she was hypertensive and tachycardic with the following vital signs: BP 145/109, pulse of 103, respiratory rate of 20, temperature of 98.6 F' and oxygenation of 98.0%. Her vital signs were not taken again before she died.

**12.**

Despite notations in her medical records that vital signs were taken at other times during her incarceration, surveillance footage shows Ms. Durell alone in her cell during the time periods where vital signs were recorded with no one entering or exiting the cell. Accordingly, the vital signs were intentionally altered or manufactured by a named Defendant, whose specific identity is unknown at this time.

**13.**

These false, altered and/or manufactured vitals were provided to the Jefferson Parish Coroner, who used these false vitals in determining the cause of death of Ms. Durell.

**14.**

In addition to Ms. Durell's complaints of nausea, vomiting, weakness, and headaches, which were documented upon admission to the infirmary, there was an additional notation on

12/21/18 at 8 a.m. that Ms. Durell hit her head and was seeing spots. The record evidence and video evidence establishes that Ms. Durell had a seizure in her cell at 1:54 a.m. on 12/22/18. She falls out of her bed and lies on the floor for approximately one hour. She reports to the deputy at 3:30 a.m. that she hit her head and needed medical attention. Defendant, Tia Thompson, documents this in a log book, stating that Ms. Durell complained of "passing out when she exited her bunk and that the nurse will be notified." Defendant, Thompson, later noted that Ms. Durell had slurred speech and that she reported this to the nurse, Defendant, Becnel. Likewise, Defendant, Deputy Lloyd, stated that Ms. Durell had complained about her blood pressure and head pain throughout the night.

**15.**

Despite this, after 12/21/18 at 12:16 p.m., no medical or health care professional checks on Ms. Durell, she does not receive medical attention, and she is not transported to an external facility for medical attention.

**16.**

At 5:00 a.m. on 12/22/18, Ms. Durell is seen having another seizure in her bed. After that time, all movement stops.

**17.**

At 6:01 a.m. on 12/22/18, Defendant, Michelle Becnel enters her cell, which is OVER FOUR HOURS AFTER SHE PLED FOR MEDICAL ATTENTION, after she stated she hit her head, after she was noted to have slurred speech, and after she had two seizures.

**18.**

After Defendant, Becnel, enters Ms. Durell's cell at 6:01 a.m. on 12/22/18, despite the fact that Ms. Durell is completely unresponsive, there is no sense of urgency whatsoever and no attempt to resuscitate her or to perform CPR for over six minutes.

**19.**

EMS arrived at 6:18:09 on 12/22/18, and Ms. Durell was noted to be unresponsive and cold to the touch.

**20.**

Ms. Durell was transported to West Jefferson Medical Center, where she was pronounced dead at 6:53 a.m.

**LIABILITY**

**21.**

Despite ordering Ms. Durell to be placed on an opiate detox protocol, Defendants, Lisa Martin, Denice Mimms, Theandra Moore, Kenyada Thomas, Juanita Alexander Sallier, Michelle Becnel, and Correcthealth Jefferson, LLC, did not administer that detox protocol appropriately, negligently breaching the standard of care, and exhibiting deliberate indifference Ms. Durell's serious medical needs. The failure of Defendants to administer the detox protocol appropriately caused or contributed to the unnecessary and wanton infliction of pain, suffering of Ms. Durell prior to her death.

**22.**

Defendants, Lisa Martin, Denice Mimms, Theandra Moore, Kenyada Thomas, Juanita Alexander Sallier, Michelle Becnel, and Correcthealth Jefferson, LLC, did not continue Ms. Durell on a benzodiazepine detox protocol negligently breaching the standard of care, and

exhibiting deliberate indifference to Ms. Durell's serious medical needs. The failure of Defendants to continue Ms. Durell on a benzodiazepine detox protocol caused or contributed to the suffering of Ms. Durell prior to her death and, ultimately, caused or contributed to her death.

**23.**

The failure of Defendants, Lisa Martin, Denice Mimms, Kenyada Thomas, Juanita Alexander Sallier, Michelle Becnel, Correcthealth Jefferson, LLC, Deputy Tia Thompson, Deputy Nicholas Neal, Deputy Danille Lloyd, and other JPSO deputies that have yet to be identified, as well as the JPSO to monitor Ms. Durell, including the failure to take her vital signs as ordered, negligently breaching the standard of care, and exhibiting deliberate indifference Ms. Durell's serious medical needs, especially given the fact that her vital records were falsified by Defendants. The failure to monitor Ms. Durell caused or contributed to the suffering of Ms. Durell prior to her death and, ultimately, caused or contributed to her death.

**24.**

The failure of Defendants, Lisa Martin, Denice Mimms, Theandra Moore, Kenyada Thomas, Juanita Alexander Sallier, Michelle Becnel, Correcthealth Jefferson, LLC, Deputy Tia Thompson, Deputy Nicholas Neal, Deputy Danille Lloyd, and other JPSO deputies that have yet to be identified, as well as the JPSO to get Ms. Durell medical attention, including an emergency transport to the hospital, negligently breaching the standard of care, and exhibiting deliberate indifference to Ms. Durell's serious medical needs. The failure to secure Ms. Durell medical attention, including an emergency transport to the hospital caused or contributed to the suffering of Ms. Durell prior to her death and, ultimately, caused or contributed to her death.

**25.**

The failure of Defendants, Becnel and Thompson, to administer Ms. Durell emergency medical attention after her first seizure, especially after she pled for help, was negligent, breached the standard of care, and exhibited deliberate indifference to Ms. Durell's serious medical needs. The failure of Defendants to administer Ms. Durell emergency medical treatment after her first seizure caused or contributed to the suffering of Ms. Durell prior to her death and, ultimately, caused or contributed to her death.

**26.**

Ms. Durell's risk of serious harm and/or death was known, obvious and must have been known, and/or should have been known to all defendants named herein. All defendants failed to take appropriate action and necessary measures to protect and preserve Ms. Durell's life and safety, as set forth herein. All defendants' actions as described herein were taken with deliberate indifference to Ms. Durell's risk of serious bodily harm and medical needs and/or failed to meet the applicable standard of care and were reckless and/or negligent.

**27.**

The failure to provide adequate health care and safe detox programs has been a problem at JPSO, and the practice of both JPSO guards and medical staff to ignore complaints, either purposefully or due to understaffing, is a pattern and so constitutes a custom, policy or practice.

**28.**

Defendants, JPSO, Joseph Lopinto, and Correcthealth Jefferson LLC, knew or should have known of lack of adequate health care and safe detox programs and the practice of both JPSO guards and medical staff to ignore complaints, either purposefully or due to understaffing,

and failed to address same through the institution of policies, procedures, or practice.

**29.**

The acts as alleged herein were the proximate cause, and cause in fact of the injuries sustained and the death of Ms. Durell and the damages incurred thereby.

**CAUSES OF ACTION**

**30.**

**Louisiana Civil Code article 2315.1**

Defendants are liable jointly, severally, and in solido for the suffering of Ms. Durell prior to her death. Accordingly, Plaintiff, the Estate of Brittany Durell has standing to advance survivial claims under Louisiana Civil Code article 2315.1 because Defendants caused Ms. Durell physical and emotional distress, pain and suffering prior to her death.

**31.**

**Louisiana Civil Code article 2315.2**

Defendants are liable jointly, severally, and in solido for the death of Ms. Durell. Durell's children, Plaintiffs, BB, TF, and BJ have standing to advance wrongful death claims under Louisiana Civil Code article 2315.2 because Defendants caused the wrongful death of Ms. Durell, who was not married at the time of her death.

**32.**

**Constitutional Claims**

Defendants, acting individually and together, and under color of law, engaged in a course of conduct and conspired to engage in a course of conduct that acted to deprive Brittany Durell of her constitutional rights, namely, her right to a reasonably safe and secure place of detention,

reasonable and adequate medical care, the right to be free from cruel and unusual punishment, and the right to due process and equal protection of the laws as protected by the Eighth and Fourteenth Amendments and Article IV (Privileges and Immunities Clause). The defendants' actions were reckless, willful, wanton, and/or malicious.

**33.**

**§1983 Claims**

Plaintiffs allege 42 U.S.C. § 1983 violations due to (1) establishing and maintaining a system in which prisoners are denied appropriate protection from harm; (2) failing to supervise actors to ensure patients received appropriate care and supervision to protect patients from harm; (3) deliberate indifference to Ms. Durell's constitutional right to be protected from harm; (4) establishing policies, patterns, or practices where prisoners are denied access to appropriate medical care and prevention from harm. The defendants' actions were reckless, willful, wanton, and/or malicious.

**34.**

Defendants, Joseph Lopinto and Correcthealth Jefferson, LLC, acting individually and collectively, established, condoned, ratified, and encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of the deceased, as alleged herein, and the damages and injuries described herein, in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. They did so with deliberate indifference to the rights of detainees at JPSO facilities.

**35.**

In addition to the injuries sustained by the plaintiffs herein, the deliberate indifference of defendants, Joseph Lopinto and Correcthealth Jefferson, LLC, in their official capacities as Sheriff of Jefferson Parish and the medical provider for Jefferson Parish Jail, to the serious medical needs of detainees under their custody and control has resulted in numerous other instances of detainees suffering serious and oftentimes fatal injuries and illnesses.

**36.**

Defendants acted maliciously or wantonly in violating Ms. Durell's federally protected rights.

**37.**

**State Law Tort Claims**

Plaintiff alleges state law torts of negligence, negligent hiring, negligent supervision, and intentional infliction of emotional distress.

**38.**

Defendants, individually and collectively, had the duty and ability to intervene to prevent the violations of Ms. Durell rights, as described herein, but failed to do so.

**39.**

All defendants named herein are liable for the wrongs complained of herein by virtue of encouraging, aiding, abetting, counseling, ratifying and condoning the commission of the afore-described acts, by their failure to properly administer, organize, and staff the medical and correctional program and for the failure to properly screen, hire, train, supervise, and discipline persons under their supervision and control whose acts and omissions contributed to the death of Ms. Durell.

**40.**

At all times described herein, the defendants, individually and collectively, acted negligently, with negligence, gross negligence, and/or intentionally in denying reasonable and necessary medical care to Ms. Durell and failing to properly monitor her, thereby inflicting physical injury and severe emotional, mental and physical pain and suffering upon him, in violation of Louisiana constitutional and statutory law.

**41.**

The actions and inactions of the defendants caused the wrongful death of Brittany Durell. At all pertinent times the defendant employees of Joseph Lopinto, in his official capacity, and JPSO and the defendant employees of Correcthealth Jefferson, LLC were acting in the course and scope of their employment. The defendant sheriff, Joseph Lopinto, in his official capacity, and/or Correcthealth Jefferson, LLC are vicariously liable for the injuries and damages incurred herein as a result of their actions.

**42.**

**Medical Malpractice Claims**

Defendants, Correcthealth Jefferson, LLC, Michelle Becnel, Lisa Martin, Denice Mimms, Theandra Moore, Kenyada Thomas, and Juanita Alexander Sallier, each acted in derogation of their duties as medical professionals and their treatment of Ms. Durell was beneath the standard of care in the community. A complaint has been filed pursuant to La. R.S. 40:1237.2 and 40:1231.8.

**DAMAGES**

**43.**

As a result of the actions of the defendants as described above, damages have been incurred as follows: Ms. Durell (deceased) suffered conscious and severe physical, mental, and emotional distress, pain and suffering prior to her death, and lost her life, for which plaintiffs are entitled to recover. The Estate of Brittany Durell sustained financial injuries, including but not limited to expenses relative to her funeral. The children of Ms. Durell suffered emotional pain and suffering, past, present, and future; loss of support; and the loss of love, affection, and companionship of their mother, Brittany Durell.

**REQUEST FOR JURY TRIAL**

**44.**

Plaintiffs request a trial by jury on all issues herein.

**PRAYER FOR RELIEF**

WHEREFORE, petitioners pray that Defendants be cited and served with a copy of this Petition and after all legal delays and proceedings be had, there be judgment rendered herein in favor of your petitioners and against defendants, for all such damages prayed for herein, including compensatory and punitive damages, reasonable attorneys' fees, as provided in 42 USC § 1988 and 42 USC §12205, all costs of these proceedings, with legal interest, and any other relief as appears just and proper to this Honorable Court.

                Respectfully submitted:

**KIEFER & KIEFER**

/s Megan C. Kiefer
Megan C. Kiefer (Bar No. 32882)
Nat G. Kiefer, Jr. (Bar No. 1461)
2310 Metairie Road
Metairie, LA 70001
Telephone: (504) 828-3313

**PLEASE SERVE:**

**JOSEPH LOPINTO**
1233 Westbank Expressway
Harvey, LA 70058

**JEFFERSON PARISH SHERIFF OFFICE**
1233 Westbank Expressway
Harvey, LA 70058

**TIA THOMPSON**
1233 Westbank Expressway
Harvey, LA 70058

**NICHOLAS NEAL,**
1233 Westbank Expressway
Harvey, LA 70058

**DANIELLE LLOYD**
1233 Westbank Expressway
Harvey, LA 70058

**CORRECTHEALTH JEFFERSON, LLC,**
through its registered agent for service of process
Kyle Kirsch
1441 Hesper Avenue
Metairie, LA 70005

**LISA MARTIN**
Through Correcthealth Jefferson LLC and its registered agent
Kyle Kirsch
1441 Hesper Avenue

Metairie, LA 70005

**DENICE MIMMS**
through its registered agent for service of process
Kyle Kirsch
1441 Hesper Avenue
Metairie, LA 70005

**THEANDRA MOORE**
through its registered agent for service of process
Kyle Kirsch
1441 Hesper Avenue
Metairie, LA 70005

**KEYNADA THOMAS**
through its registered agent for service of process
Kyle Kirsch
1441 Hesper Avenue
Metairie, LA 70005

**JUANITA ALEXANDER SALLIER**
 through its registered agent for service of process
Kyle Kirsch
1441 Hesper Avenue
Metairie, LA 70005

**IRONSHORE INSURANCE COMPANY**
Through the Louisiana
8585 Archives Avenue
Baton Rouge, LA 70808 Secretary of State